

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00013-CR

ERIK MANUEL PEREZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. F14949

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

In June 2021, Erik Manuel Perez, pursuant to a plea agreement, pled guilty to burglary of a habitation[1] and was placed on deferred adjudication community supervision for a period of seven years. In October 2021, the State moved to revoke Perez's community supervision and to proceed to an adjudication of his guilt, alleging five violations of Perez's community supervision. Perez pled true to three of the allegations and, after an evidentiary hearing, the trial court granted the State's motion. Perez received a sentence of twenty years' incarceration.

Perez appeals his adjudication and sentence.

Appointed counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). In *Anders*, the United States Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, has no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744. By letter, counsel informed Perez of his rights to review the record and file a pro se response. This Court mailed Perez copies of the clerk's and reporter's records and notified him that any pro se response was due on or before July 5, 2022; he filed his pro se response on August 8, 2022. The State filed a brief on September 13, 2022. On that same date, this Court set the case for submission on the briefs, to occur on October 4, 2022, and notified Perez of the submission date.

---

[1]*See* TEX. PENAL CODE ANN. § 30.02(c)(2).

After a thorough review of the record, counsel in this case concluded that there were no non-frivolous issues in Perez's appeal.[2] Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record that demonstrates why there are no arguable grounds to be advanced. We conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *see also Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

When faced with an *Anders* brief and a later pro se response is filed, a court of appeals has two choices: it may determine that the appeal is wholly frivolous and issue an opinion explaining that it reviewed the record and found no reversible error or it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the latter instance, "only after the issues have been briefed by new counsel may the court of appeals address the merits of any issues raised." *Id.* (quoting *Anders*, 386 U.S. at 744). If the court of appeals were to review the case and issue an opinion that addressed and rejected the merits raised in a pro se response to an *Anders* brief, then appellant would be deprived of the meaningful assistance of counsel. *Id.* at 827. We have reviewed the pro se response filed by Perez and appellee's brief and find no reason to remand this case for appointment of new counsel.

---

[2]Counsel's brief concludes that "no abuse of the trial count's [sic] discretion occurred." This is not the sole issue in an *Anders* review. Nonetheless, the stated issues and discussion in the brief satisfy the requirements for an *Anders* review.

We must, "after a full examination of all the proceedings . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 82–83 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509–11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10 (1988). Based on our independent review of the entire record in this appeal, we conclude that the appeal is wholly frivolous. In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment.

Further, we find that Perez's counsel substantially complied with the requirements of *Anders* and *Kelly*. Therefore, we grant counsel's motion to withdraw. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–20.

Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.[3] Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

---

[3]While an appellant has a right to file a petition for discretionary review with the Court of Criminal Appeals, review is not a matter of right. *See* TEX. R. APP. P. 66.2; TEX. CONST. art. V, § 5(b).

4

We affirm the judgment of the trial court.

Charles van Cleef
Justice

Date Submitted:     October 4, 2022
Date Decided:       October 7, 2022

Do Not Publish